# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| TENNECO INC., ROY V. ARMES, | : **SECURITIES EXCHANGE ACT OF 1934** |
| THOMAS C. FREYMAN, DENISE GRAY, | : |
| BRIAN J. KESSLER, MICHELLE A. | : |
| KUMBIER, DENNIS J. LETHAM, JAMES | : |
| S. METCALF, ALEKSANDRA A. | : |
| MIZIOLEK, CHARLES K. STEVENS, III, | : |
| JOHN S. STROUP, and JANE L. WARNER, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On February 22, 2022, Tenneco Inc. ("Tenneco" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Pegasus Holdings III, LLC and Pegasus Merger Co., affiliates of Apollo Funds (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Tenneco's stockholders will receive $20.00 in cash per share.

3. On March 15, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Tenneco common stock. Plaintiff resides in this District.

9. Defendant Tenneco is a Delaware corporation. Tenneco's common stock is traded on the New York Stock Exchange under the ticker symbol "TEN."

10. Defendant James S. Metcalf is Chairman of the Board of Directors of Tenneco (the "Board").

11. Defendant Brian J. Kessler is Chief Executive Officer and a member of the Board.

12. Defendant Roy V. Arms is a member of the Board.

13. Defendant Thomas C. Freyman is a member of the Board.

14. Defendant Denise Gray is a member of the Board.

15. Defendant Michelle A. Kumbier is a member of the Board.

16. Defendant Dennis J. Letham is a member of the Board.

17. Defendant Aleksandra A. Miziolek is a member of the Board.

18. Defendant Charles K. Stevens, III is a member of the Board.

19. Defendant John S. Stroup is a member of the Board.

20. Defendant Jane L. Warner is a member of the Board.

21. Defendants identified in ¶¶ 10-20 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

22. Tenneco is one of the world's leading designers, manufacturers, and marketers of automotive products for original equipment and aftermarket customers.

23. On February 22, 2022, Tenneco entered into the Merger Agreement.

24. The press release announcing the Proposed Merger provides as follows:

Tenneco (NYSE: TEN) announced today it has entered into a definitive agreement to be acquired by funds managed by affiliates of Apollo (NYSE: APO) (the "Apollo Funds") in an all-cash transaction with an enterprise valuation of approximately $7.1 billion, including debt.

The purchase price of $20.00 per share represents a 100.4% premium over the Company's closing share price of $9.98 on February 22, 2022 and a 71.6% premium over the Company's unaffected 90-day VWAP. Upon completion of the transaction, Tenneco's shares will no longer trade on the New York Stock Exchange, and Tenneco will become a private company. Tenneco will continue to operate under the Tenneco name and brand, and maintain a global presence.

"We are pleased to have reached this agreement with Apollo, which we believe will deliver immediate and certain cash value to Tenneco shareholders at a substantial premium," said Dennis Letham, Chairman of the Board of Tenneco. "The Board's decision follows careful evaluation of the transaction and thoughtful and comprehensive review of value creation opportunities for Tenneco. We believe this transaction is the right path forward and achieves our goal of maximizing value for Tenneco shareholders, and will benefit our team members, customers and business partners around the world."

"Over the last several years, Tenneco has transformed its business to succeed in today's environment. This transaction marks a significant milestone and will provide us with a new and exciting platform from which we can continue our global strategy in an evolving and dynamic mobility landscape," said Brian Kesseler, Tenneco's chief executive officer. "In Apollo, we have a partner that recognizes the strength of our product portfolio and our ability to serve leading OEM and aftermarket blue-chip customers globally. Specifically, this partnership will allow us to continue to invest in and grow Tenneco's multiple segments and global footprint. This transaction is also a testament to the achievements of our global team, whose commitment and focus during these extraordinary times have enabled our success."

Apollo Partner Michael Reiss said, "Tenneco is a key solutions provider for global mobility markets with a long-held commitment to innovation and high-quality service. We look forward to working with the Tenneco team to build on the strong foundation in place today, investing across their platform and product categories for growth and delivering innovative solutions for customers."

**Approvals and Timing**

The transaction, which has been unanimously approved by the Tenneco Board of Directors, is expected to close in the second half of 2022, subject to customary closing conditions, including approval by Tenneco shareholders and receipt of regulatory approvals. The transaction is not subject to a financing condition.

**Advisors**

Lazard is serving as financial advisor to Tenneco, and Latham & Watkins LLP is acting as legal counsel.

Rothschild & Co acted as lead financial advisor to the Apollo Funds on the transaction. BofA Securities and Citi also acted as financial advisors to the Apollo Funds. Wachtell, Lipton, Rosen & Katz is serving as legal counsel and Paul, Weiss, Rifkind, Wharton & Garrison LLP is serving as financing counsel to the Apollo Funds.

25. On March 15, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

26. The Proxy fails to disclose material information regarding Tenneco's financial projections, specifically: the line items underlying the financial projections.

27. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

28. The Proxy fails to disclose material information regarding the financial analyses conducted by Lazard. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

29. Regarding Lazard's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Lazard; and (ii) the inputs and assumptions underlying the discount rates and multiples utilized by Lazard.

30. Regarding Lazard's Leveraged Buyout Return Analysis, the Proxy fails to disclose the inputs and assumptions underlying the internal rates of return and multiples utilized by Lazard.

31. Regarding Lazard's Broker Target Prices Analysis, the Proxy fails to disclose: (i) the price targets utilized by Lazard; and (ii) the sources of the price targets.

## COUNT I

**Claim Against the Individual Defendants and Tenneco for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

32. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in

light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

34. Tenneco is liable as the issuer of these statements.

35. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

36. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

38. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

39. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

40. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

41. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

42. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Tenneco within the meaning of Section 20(a) of the Exchange Act as alleged herein.

44. Due to their positions as officers and/or directors of Tenneco and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

47. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

48. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

50. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

51. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: March 18, 2022

        **GRABAR LAW OFFICE**

By: _/s/ Joshua H. Grabar_
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*